### INJURY TO AN EMPLOYE FROM THE FALLING OF A PLATFORM.

Circuit Court of Hamilton County.

THE WM. HEFFRON CONSTRUCTION COMPANY ET AL V. MAURICE COLEMAN, SR.

Decided, January 8. 1910.

*Negligence—Safe Place to Work—Doctrine of Fellow-Servant not Applicable—Where Pleadings and Evidence are Governed by Section 4238o—Error—Evidence.*

1. Error in charging a jury as to the duty of a master to furnish the defendant a safe place to work is immaterial, where the jury has specially found that the injury was due to a defective timber.

2. The overruling of an objection to a question to which the witness
   answered "I don't know," and then proceeded to state certain
   relevant facts which he did know, is not prejudicial.

*Wm. Littleford,* for plaintiff in error.
*Thos. L. Michie,* contra.

There was a recovery below of judgment for $1,125 on account
of injuries to the minor son of the plaintiff from the falling of
a platform on which a sewer construction gang was at work and
with whom the boy was employed by the Heffron Company.   In
a subsequent action brought on behalf of the boy a verdict was
returned for the company.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The jury having specially found that the falling of the plat-
form which caused the injury was due to a defective timber
which was not sufficiently strengthened when repaired, the al-
leged error in charging the jury that it was the duty of the de-
fendant to furnish a safe place to work is immaterial.

The case presented by the pleadings and the evidence is gov-
erned by Section 4238o, Revised Statutes, and the doctrine of
fellow-servant does not apply.

The alleged error in overruling the objection to the question
at page 95 could not be prejudicial because the witness answered,
"I don't know," then proceeded to state certain relevant facts
that he did know.

The special findings of the jury and the fact that the president
of the defendant company had actual knowledge of the defective
condition of the platform are conclusive on the question of de-
fendant's negligence, and as young Coleman was not required to
inspect the platform before resuming work he was not guilty
of negligence.   Hence, the alleged error in the charge at page
288 of the bill of exceptions was not prejudicial; and for the
same reason the charge concerning the duty of the master to
furnish safe material was not prejudicial.

Other errors are assigned, but we find none that requires a
reversal of the judgment.   It will be affirmed.